IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEADFAST INSURANCE COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SHAMBAUGH & SON, L.P.,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 3:22-cv-01306-SRU |

**PLAINTIFF/COUNTERCLAIM DEFENDANT STEADFAST INSURANCE COMPANY'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counterclaim Defendant Steadfast Insurance Company ("Steadfast") moves, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, for summary judgment on its Complaint seeking declaratory relief and on Defendant/Counterclaim Plaintiff Shambaugh & Son, L.P.'s ("Shambaugh") Counterclaim.

As set forth in the accompanying Memorandum of Law and Rule 56(a)(1) Statement of Undisputed Material Facts, the undisputed material facts in this case establish that Connecticut law governs this dispute and that neither of the following constitute a **Claim**[1] under the Steadfast policies: (1) a third-party subpoena served on Shambaugh in connection with a multi-district litigation, nor (2) a chart created nearly four years ago by plaintiffs' counsel in that multi-district litigation listing Shambaugh as a possible future defendant. Shambaugh is not, and never has been, a defendant in that multi-district litigation.

Pursuant to the definition of **Claim** in the policies, three elements must be met for there to be a **Claim**: (1) there must be a demand received by an insured; (2) that demand must seek a

---

[1] Bolded terms are defined terms in the Steadfast policies.

remedy and allege that the insured is liable or responsible for monetary amounts; and (3) that demand must allege that the insured is liable or responsible for such amounts because of **Bodily Injury**, **Property Damages** or **Clean-up Costs**.

Here, the chart does not constitute a "demand," as it makes no request of Shambaugh whatsoever. The chart therefore fails to satisfy the first element of a **Claim**.

Further, neither the subpoena nor the chart allege that Shambaugh is liable or responsible for monetary amounts. Indeed, neither the subpoena nor the chart make any allegations against Shambaugh whatsoever. Moreover, the subpoena seeks only documents – not monetary amounts – from Shambaugh, and the chart merely lists Shambaugh as an entity that, as of nearly four years ago, the multi-district litigation plaintiffs viewed as a potential future defendant. Both the subpoena and the chart therefore fail to satisfy the second element of a **Claim**.

In addition, neither the subpoena nor the chart allege that Shambaugh is liable or responsible because of **Bodily Injury**, **Property Damages**, or **Clean-up Costs**, as those terms are defined in the policies. Again, neither make any allegations against Shambaugh whatsoever, and neither contain any reference to **Bodily Injury**, **Property Damages**, or **Clean-up Costs**. Both the subpoena and the chart therefore fail to satisfy the third element of a **Claim**.

Finally, given that Steadfast has no coverage obligation, under applicable Connecticut law it is entitled to summary judgment on Shambaugh's bad faith claims, including Shambaugh's statutory claims.

For the foregoing reasons, which are set forth more fully in the accompanying Memorandum of Law, Steadfast respectfully request that the Court enter summary judgment in its favor as to its claim for declaratory relief and dismiss all of Shambaugh's claims with prejudice.

Dated: February 29, 2024

Respectfully submitted,

/s/ *Michael Menapace*
Michael Menapace
WIGGIN AND DANA LLP
20th Church Street, 16th Floor
Hartford, Connecticut 06103
Tel.: (860) 297-3733
mmenapace@wiggin.com

Clarence Y. Lee (admitted *pro hac vice*)
Ian A. McLin (admitted *pro hac vice*)
SAUL EWING LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006
Tel.: (202) 295-6614
Fax: (202) 295-6721
clarence.lee@saul.com
ian.mclin@saul.com

*Counsel for Plaintiff/Counterclaim Defendant Steadfast Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of February 2024, a copy of the foregoing **PLAINTIFF/COUNTERCLAIM DEFENDANT STEADFAST INSURANCE COMPANY'S CROSS MOTION FOR SUMMARY JUDGMENT** was served electronically via the Court's e-filing system on:

> Armando E. Batastini
> Jeffrey S. Brenner
> Nixon Peabody LLP
> One Citizens Plaza, 5th Floor
> Providence, RI 02903
> abatastini@nixonpeabody.com
> jbrenner@nixonpeabody.com
>
> *Counsel for Defendant/Counterclaim Plaintiff Shambaugh & Son, L.P.*

                                      */s/ Michael Menapace*
                                      Michael Menapace